UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TERRY LYNN SCHONEWITZ                                                    PLAINTIFF

VERSUS                                            CIVIL ACTION NO. 1:11CV17-LG-RHW

DONALD CABANA et al                                                    DEFENDANTS

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

This matter is before the Court following a screening hearing held pursuant to 28 U.S.C. § 1915A. Plaintiff Terry Lynn Schonewitz, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 civil rights complaint alleging an injury from a slip and fall at the Harrison County Adult Detention Center. He further alleged constitutionally inadequate medical care for the injuries resulting from the fall. On July 14, 2011, the Court entered an [22] Order setting the case for a screening hearing. The Court mailed the order to Plaintiff's address of record at the South Mississippi Correctional Institute (SMCI). The order was returned on August 11, 2011, as "undeliverable". The Court then mailed the order on September 7, 2011, to the Stone County Correctional Facility, based on an address on the summonses issued on Plaintiff's behalf. On September 12, 2011, the Court contacted SMCI and the Stone County Correctional Facility and was advised that Plaintiff is no longer incarcerated at either facility. Based on information provided by an employee at the Stone County facility, the Court contacted the East Mississippi Correctional Facility (EMCF). An employee at EMCF advised the Court that Plaintiff had been released from custody. It is the Court's understanding that Plaintiff is now out on parole. The Court then conducted a search of the MDOC inmate database available to the public but was unable to find any information regarding Plaintiff's current location or residence.

On September 13, 2011, at approximately 9:30 a.m., the Court proceeded with the screening hearing as scheduled. The Court called Plaintiff's case. Counsel for Defendants was present and announced that they were ready to proceed. The courtroom deputy called Plaintiff's name three times outside the courtroom entrance but received no response. The Plaintiff has been advised on multiple occasions that failure to inform the Court of a change of address may result in the case being dismissed without prejudice. *See* dkt. entries [3, 7, 8, 10, 12]. Based on Plaintiff's failure to appear at the screening hearing and based on his failure to maintain a current address of record, the undersigned recommends that his lawsuit be dismissed without prejudice for failure to prosecute.

## RECOMMENDATION

The undersigned recommends that Plaintiff's 42 U.S.C. § 1983 civil rights complaint be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed

findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 15th day of September, 2011.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE